UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector Daniel VILLANUEVA–
CORTES, Defendant–
Appellant.

No. 14–4043.

United States Court of Appeals,
Fourth Circuit.

Submitted: May 30, 2014.

Decided: July 3, 2014.

David W. Fischer, Sr., Law Offices of
Fischer & Putzi, P.A., Glen Burnie, Mary-
land, for Appellant. Rod J. Rosenstein,
United States Attorney, Kelly O. Hayes,
Assistant United States Attorney, Colin
Allred, Greenbelt, Maryland, for Appellee.

Before KEENAN, DIAZ, and FLOYD,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Hector Daniel Villanueva–Cortes plead-
ed guilty to one count of reentry of a
deported alien, in violation of 8 U.S.C.
§ 1326 (2012). The district court sen-
tenced Villanueva–Cortes to eighteen
months' imprisonment, which included an
upward variance of twelve months from
the high end of the properly calculated
Sentencing Guidelines range. He appeals,
claiming that the district court improperly
relied upon the need to avoid unwarranted
sentence disparities when it varied up-
ward. See 18 U.S.C. § 3553(a)(6) (2012).
Concluding that the court did not err, we
affirm.

We review a sentence for reasonable-
ness "under a deferential abuse-of-discre-
tion standard." Gall v. United States, 552
U.S. 38, 41, 51, 128 S.Ct. 586, 169 L.Ed.2d
445 (2007). This review entails appellate
consideration of both the procedural and
substantive reasonableness of the sen-
tence. Id. at 51, 128 S.Ct. 586. In deter-
mining procedural reasonableness, we con-
sider whether the district court properly
calculated the defendant's advisory Guide-
lines range, gave the parties an opportuni-
ty to argue for an appropriate sentence,
considered the 18 U.S.C. § 3553(a) factors,
and sufficiently explained the selected sen-
tence. Id. at 49–51, 128 S.Ct. 586. If the
sentence is free of significant procedural
error, we review the sentence for substan-
tive reasonableness, "tak[ing] into account
the totality of the circumstances." Id. at
51, 128 S.Ct. 586.

"When rendering a sentence, the district
court must make an individualized assess-
ment based on the facts presented," Unit-
ed States v. Carter, 564 F.3d 325, 328 (4th
Cir.2009) (internal quotation marks and
emphasis omitted), and must "adequately
explain the chosen sentence to allow for
meaningful appellate review and to pro-
mote the perception of fair sentencing."
Gall, 552 U.S. at 50, 128 S.Ct. 586. "Re-
gardless of whether the district court im-
poses an above, below, or within-Guide-
lines sentence, it must place on the record
an individualized assessment based on the
particular facts of the case before it."
Carter, 564 F.3d at 330 (internal quotation
marks omitted). When a district court
imposes a sentence that falls outside of the
applicable Guidelines range, this Court
considers "whether the sentencing court

acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Hernandez–Villanueva*, 473 F.3d 118, 123 (4th Cir.2007). In conducting this review, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51, 128 S.Ct. 586.

We conclude that the district court did not improperly rely upon the need to avoid unwarranted sentencing disparities under § 3553(a)(6) to the exclusion of the other statutory sentencing factors. The court described how each sentencing factor related to Villanueva–Cortes' individual circumstances and why that factor supported an upward variance. We also conclude that the court did not improperly rely upon the sentence imposed in another case to determine the length of the variance. After reviewing the circumstances, we hold that the sentence imposed, including the 12 month upward variance, was reasonable.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED.*